UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-144 PA (GJSx) | Date | June 2, 2022 |
|---|---|---|---|
| Title | Teresa Hicks v. Pacific Oil Company LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

On May 19, 2022, the Court issued an Order to Show Cause ordering Plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution. (Docket No. 17.) The Court explicitly warned that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the Complaint." On May 20, 2022, Plaintiff filed a Notice of Settlement. That same day, the Court issued an order informing the parties that they had 10 days to either place a settlement on the record or file a dismissal. (Docket No. 19.) The Court explicitly warned, "If the parties do not dismiss the action or do not place the settlement on the record, the matter will remain on the Court's active trial calendar with all pretrial and trial dates in effect." (Id.) To date, despite the expiration of the deadline in the Court's May 19, 2022 Order to Show Cause, Plaintiff has not filed a response. To the extent Plaintiff's Notice of Settlement was intended to function as a response, the Court finds it inadequate. Additionally, to date, despite the expiration of the deadline contained in the Court's May 20, 2022 Minute Order, the parties have not placed the settlement on the record or filed a dismissal.

Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Mar. Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41—that defendant "may" move for dismissal—does not limit the Court's ability to dismiss an action sua sponte where the defendant does not move for dismissal. Link, 370 U.S. at 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-144 PA (GJSx) | Date | June 2, 2022 |
|---|---|---|---|
| Title | Teresa Hicks v. Pacific Oil Company LLC, et al. | | |

Cal. Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Id. (citations omitted).

Here, in assessing the first and second Henderson factors, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Moreover, the Court's need to manage its docket will be served by dismissal. See id. The third Henderson factor at least marginally favors dismissal because the Defendant may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991.

In considering the fourth and fifth Henderson factors, this Court's most recent orders, as noted above, warned the parties about the consequences of timely compliance with the Court's instructions. Despite these warnings, Plaintiff has failed to respond to the Court's May 19, 2022 Order to Show Cause and Defendant has failed to file an Answer by the deadline identified in the parties' stipulation. The public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011). Here, the parties, who are represented by counsel, have failed to follow the Court's orders and diligently prosecute this action despite the Court's express warnings. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court dismisses this action without prejudice for lack of prosecution and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.